AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

United States of America
v.
MARK EDWARD ALLEN

Case No. 8:19MJ1775JSS

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 29, 2019 and May 31, 2019 in the county of Pinellas in the Middle District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 5861(d) | Possession of an unregistered destructive device |

This criminal complaint is based on these facts:

See Affidavit in Support of Criminal Complaint, attached hereto

☑ Continued on the attached sheet.

*Complainant's signature*

Christopher Franck, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 06/01/2019

*Judge's signature*

City and state: Tampa, Florida  Julie Sneed, US Magistrate Judge

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____
DEPUTY CLERK

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher Franck, being duly sworn, state as follows:

1. I have been employed as a Special Agent of the Federal Bureau of Investigation for approximately 9 years. Prior to that, I was a Captain in the United States Marine Corps with responsibilities that included handling and employing explosives and improvised explosive devices. Since July 2012, I have been assigned to the FBI Tampa Field Office as a Special Agent Bomb Technician. In my capacity as a Special Agent, I have investigated multiple violations of federal law, including violent crimes, domestic terrorism, international terrorism, and firearms and explosives offenses. I have also worked with local, county, and state bomb squads to address and render safe various types of explosives and improvised explosive devices.

2. I submit this affidavit in support of a criminal complaint against MARK EDWARD ALLEN. As set forth herein, I have probable cause to believe that ALLEN has committed a violation of 26 U.S.C. § 5861(d) (possession of an unregistered destructive device).

3. The facts in this affidavit come from information obtained during the course of a criminal investigation. The statements contained in this affidavit are based on my own investigation of this matter, my training and experience, and information learned and relayed to me by other law

enforcement officers. Because this affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint, it does not include all information I have learned during this investigation.

## PROBABLE CAUSE

4. On or about May 29, 2019, Tampa Police Department ("TPD") bomb-squad members and I responded to a call from the Veteran's Affairs Hospital in Bay Pines, Florida (the "VA Hospital"). The VA Hospital and ALLEN's residence are both within the Middle District of Florida. The call from the VA Hospital concerned a suspected improvised explosive device located on VA Hospital grounds (the "VA Hospital IED").

5. Once I and the TPD bomb technicians arrived at the VA Hospital, we used an x-ray tool to determine the make-up, components, and contents of the VA Hospital IED. The x-ray revealed, among other components, a 9-volt battery, electrical wires, an improvised initiator, an unknown powder, and a clothes-pin switch. Based on my training, experience, and this investigation, I know that these components, or components like these, are commonly used to construct improvised explosive devices.

6. After the x-ray revealed the above-described components, bomb technicians used a disruption tool remotely render the VA Hospital IED safe.

7. After rendering the VA Hospital IED safe, I, along with other bomb technicians, remotely dissembled and examined the device and its contents. That examination revealed that the VA Hospital IED contained an unknown black powder. A thermal-susceptibility test was performed with a sample of the unknown black powder and I determined that it was energetic and consistent with pyrotechnic-type powders. Based on my training, experience, and this investigation, I know that energetic powder like the unknown black powder found within the VA Hospital IED can be used in improvised explosive devices to cause an explosion.

8. The FBI then collected the VA Hospital IED and sent it to the FBI's explosives unit in Virginia for further laboratory analysis. That analysis is ongoing.

9. As part of the FBI's investigation into the VA Hospital IED, the FBI obtained video-surveillance footage from the VA Hospital and a Wawa convenience store located across the street from where the FBI found the VA Hospital IED. The video surveillance shows a person leaving the VA Hospital IED at the VA Hospital at approximately 4:59 a.m. on May 29, 2019. The person who placed the VA Hospital IED at the VA Hospital is a white male with a long gray beard who was wearing a U.S. Army baseball hat, a blue long sleeve shirt, shorts, and black shoes.

10. On or about May 31, 2019, the Tampa Police Department's bomb squad was dispatched to a home on 24th Avenue North in St. Petersburg, Florida, regarding another improvised explosive device. A female complainant (the "Complainant") called the St. Petersburg Police Department and reported that her husband, Mark Edward ALLEN, a United States Army veteran, had made a bomb at his home, which is located 637 88th Ave N, Apartment 3, St. Petersburg, Florida (the "St. Pete IED"). The Complainant ultimately explained that, while ALLEN was sleeping, she put the St. Pete IED in the trunk of her car and drove it to a friend's house on 24th Avenue North because she was scared. As a result, TPD bomb squad personnel and I responded to the home on 24th Avenue North to investigate.

11. Bomb technicians used an x-ray tool to determine the make-up, components, and contents of the St. Pete IED. The x-ray revealed, among other components, a tube filled with a light bulb (the improvised initiator), electrical wires, and an unknown powder. Based on my training, experience, and this investigation, I know that these components, or components like these, are commonly used to construct improvised explosive devices.[1]

---

[1] At the time of submission of this affidavit, FBI and TPD bomb technicians have not yet rendered the St. Pete IED safe, which would allow for further examination of the IED and its component parts.

12. After examining the devices, the FBI determined that the St. Pete IED and the VA Hospital IED likely came from the same person. As a result, I showed a still-image of the above-described person taken from the Wawa surveillance footage to the Complainant, who confirmed that the person seen placing seen in the Wawa surveillance footage was her husband, Mark Edward ALLEN. As described above, the person shown in the Wawa surveillance footage is the same person who was shown in the VA Hospital surveillance footage placing the VA Hospital IED at the VA Hospital. The Complainant also confirmed that ALLEN is a U.S. Army veteran who goes to the VA Hospital for various medical conditions and who had scheduled medical appointments at the VA Hospital during the week of May 27, 2019.

13. Based on my training, experience, this investigation, and my consultation with an explosives enforcement officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), I know that the VA Hospital IED and the St. Pete IED are considered "destructive devices" under 26 U.S.C. § 5845(f)(1).

14. On or about May 31, 2019, I received a verbal confirmation from ATF that a preliminary records search shows no registration of any destructive devices by ALLEN in the National Firearms Registration and Transfer Record as required by Title 26, United States Code.

15. Based on the foregoing, I have probable cause to believe that MARK EDWARD ALLEN has committed violations of federal law, namely ALLEN possessed an unregistered destructive device on or about May 29 and May 31, 2019, in violation of 26 U.S.C. § 5861(d). Accordingly, I respectfully request the issuance of a criminal complaint authorizing ALLEN's arrest.

This completes my affidavit.

_____
Christopher Franck, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed
before me this 1st day
of June, 2019.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

6