# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                           **CASE NO.: 8:19-cr-400-T-02TGW**

**MARK EDWARD ALLEN**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, A. FITZGERALD HALL, counsel for the Defendant, **MARK ALLEN**, pursuant to Title 18, United States Code Sections 3551 and 3553(a), and moves this Court to: **ENTER AN ORDER OF SIXTY (60) MONTHS INCARCERATION**. As grounds for this request, undersigned counsel proffers the following:

## BACKGROUND

1. On June 4, 2019, Mr. Allen was arrested on a criminal complaint for possession of an unregistered destructive device in violation of 26 U.S.C. § 5861(d) (Doc. 1).

2. On this same day, Mr. Allen had his initial appearance before the Court (Doc. 8). Mr. Allen waived his bond hearing without prejudice to seeking bond on the filing of a motion. *Id.* As a result, this Court ordered Mr. Allen detained (Docs. 8 & 10).

3. On September 23, 2019, pursuant to a waiver of indictment, an information, and a plea agreement, Mr. Allen, pleaded guilty to maliciously attempting to damage and destroy personal and real property belonging to the Department of Veterans Affairs in violation of 18 U.S.C. § 844(f)(1) (Docs. 18, 19, 20, and 24).

4. Mr. Allen's sentencing is currently scheduled for Friday, December 13, 2019, at 8:45 a.m. (Doc. 28). The Presentence Investigation Report ("PSIR") has been completed in this case and there are no major objections to the report.

5. The PSIR currently reflects a total offense level of 21 and a criminal history category of II (PSIR ¶¶27, 41, & 85). This results in an advisory range of incarceration of 41-51 months (PSIR ¶85).

6. Notwithstanding the above, due to the nature and circumstances of the instant offense, the history and characteristics of Mr. Allen, and the need for the forthcoming sentence to afford <u>adequate deterrence</u>, Mr. Allen requests this Court impose a sentence of sixty (60) months' incarceration, pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

## LEGAL ARGUMENT

7. As outlined above, Mr. Allen is facing an advisory sentencing guidelines range of incarceration of 41-51 months (PSIR ¶¶27, 41, & 85).

8. In this case, Mr. Allen requests this Court consider the following highlighted factors set-forth under Section 3553(a) in determining a reasonable sentence to impose in this case:

(1) **the nature and circumstances of the [instant] offense** and **the history and the characteristics of the defendant;**

(2) the need for the sentence imposed-;

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) **to afford adequate deterrence to criminal conduct;**

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) [the applicable Sentencing Guidelines];

(5) any pertinent [Sentencing Guidelines] policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victim of the offense.

18 U.S.C. § 3553(a) (emphasis added). *See United States v. Talley*, 431 F.3d 784,

786 (11th Cir. 2005) (providing that when the district court considers the factors of section 3553(a), it need not discuss each of them). *See also, United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (same), *abrogated on other grounds by Rita v. United States,* 551 U.S. 338, 127 S. Ct. 2456 (2007); *United States v. Bohannon*, 476 F.3d 1246, 1248 (11th Cir. 2007) (same); *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007) (same).

9. Although the district court must adequately and properly consider the factors, nothing requires it to state on the record that it has explicitly considered each of the Section 3553(a) factors or to discuss each of the Section 3553(a) factors. *Garcia-Enriquez*, 664 F. App'x at 767 (citing *United States v. West*, 898 F.2d 1493, 1503 (11th Cir. 1990)). *See United States v. Dougherty*, 754 F.3d 1353, 1359 (11th Cir. 2014) (providing nothing requires the district court to discuss each of the Section 3553(a) factors and an acknowledgement that it has considered each will suffice) (citing *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007)). *See also, United States v. Lora*, 627 F. App'x 881, 885 (11th Cir. 2015 (unpublished opinion) (district courts do not have to conduct an accounting of every factor or explain the role each played in the sentencing decision) (citing *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005)). Rather, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority."

4

*Lora*, 627 F. App'x at 885 (citing *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456 (2007)).

10. The weight given to each factor in § 3553(a) is a matter committed to the sound discretion of the district court. *United States v. Barrington*, 668 F.3d 1178, 1204 (11th Cir. 2011). *See United States v. Garcia-Enriquez*, 664 F. App'x 765, 767 (11th Cir. 2016) (unpublished opinion) (stating the weight given to any specific factor is committed to the sound discretion of the district court and a district court does not commit reversible error simply because it attaches significant weight to a single Section 3553(a) factor) (citing *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008)). "The court must consider all of the Section 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

11. "The fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Barrington*, 668 F.3d at 1204 (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). *See United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009) (stating the weight to be accorded any given Section 3553(a) factor is a matter committed to the sound discretion of the district court and we will not substitute our judgment in weighing the relevant factors). "A district court has considerable discretion in deciding whether the Section 3553(a) factors justify a

variance and the extent of one that is appropriate." *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014) (citing *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) and *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

12. The Guidelines are only one factor to consider when imposing a sentence and §3553(a)(3) directs the judge to consider sentences other than imprisonment. *Gall*, 552 U.S. at 59, 128 S. Ct. at 602 (2007) (emphasis added).

13. It should be noted that in assessing these enumerated factors that the Court is "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010) (emphasis added) (citing *Gall*, 552 U.S. at 52, 128 S. Ct. at 598 (2007)).

14. Pursuant to Section 3553(a), and the above-cited case law, Mr. Allen requests this Court impose a reasonable sentence in this case. In particular, Mr. Allen requests this Court impose a sentence of sixty (60) months' incarceration due to the following: the nature and circumstances of the instant offense, his history and characteristics, and the need for the forthcoming sentence to afford adequate deterrence.

### A.     The Nature and Circumstances of the Instant Offense.

15.     The circumstances surrounding this case are outlined in the PSIR (PSIR ¶¶9-13).

16.     This Court should note that the facts surrounding this case are absent any actual acts of violence committed by Mr. Allen towards anyone. *Id.*  In short, on May 6, 2019, what was thought to be an improvised explosive device turned out to be a dud or "fake" explosive device found at the Bay Pines Veterans Administration ("VA") Hospital in St. Petersburg, Florida. *Id.*  In fact, a note was found on this "hoax device" that read "no problem just want 2 B heard!!!" (PSIR ¶9).

17.     On May 29, 2019, law enforcement again responded to the VA Hospital regarding a suspicious device (PSIR ¶10).  After investigation, law enforcement determined that this device was, in fact, an improvised explosive device.

18.     On May 31, 2019, St. Petersburg Police received a call that Mr. Allen had made a bomb at his home (PSIR ¶12).  The caller removed the bomb from the home and took it to a friend's home. *Id.*   Law enforcement later examined the device and determined that it was capable of causing property damage and personal injury. *Id.*  On June 1, 2019, a search warrant was executed at Mr. Allen's home and other completed devices, partially completed devices, and other related materials were discovered (PSIR ¶13).

19. On June 4, 2019, Mr. Allen was taken into custody without incident (PSIR, Face Sheet).

20. There were no injuries in this case. Additionally, the facts surrounding this case, at best, establish that Mr. Allen was a long-time patient of the VA (PSIR ¶¶61, 63-66), a person with mental health issues (*id.*), and a United States Army Veteran (honorable discharge) (PSIR ¶81) that was simply seeking attention.

21. It should be noted that Mr. Allen <u>is not</u> a <u>career offender</u> nor an <u>armed career criminal</u> in this case. Thus, considering the circumstances surrounding this case, a sentence of sixty (60) months' incarceration would be an appropriate disposition of this case.

**B.     The History and Characteristics of Mr. Allen.**

22. Indeed, as *Alfaro-Moncada, supra.,* notes, Mr. Allen is a "unique study in the human failings" and, in this case, the facts only establish that he committed the instant offense due to the mental problems he has been dealing with for some time (PSIR ¶¶63-66).

23. Again, there are no actual acts of violence or injuries involved in this case.

24. It is to be noted that Mr. Allen has two criminal history points in this case and this results in him being in criminal history category II (PSIR ¶¶30-41)--- the second to the lowest possible criminal history category. In fact, Mr. Allen has

no felony convictions in his criminal history and only has two scoreable misdemeanor offenses (PSIR ¶¶37 & 38).

25. As outlined in the PSIR, Mr. Allen has experienced some mental health problems such as post-traumatic stress disorder, depression, anxiety, and bi-polar disorder (PSIR ¶63-66). Mr. Allen reports being Baker Acted multiple times and reports previously attempting suicide in 1987 (PSIR ¶66).

26. Additionally, Mr. Allen has a history of substance and alcohol abuse (PSIR ¶68-74). For example:

    a. He had been drinking alcohol for over thirty years and drinks alcohol every day and all day;

    b. He began smoking marijuana daily at age 15 and last used marijuana on the day of his arrest; and

    c. He experimented with cocaine at age 17.

27. Clearly, Mr. Allen has a drug and alcohol problem that needs addressing. *Id.*

28. The sum total of Mr. Allen's history and characteristics, and the facts surrounding this case, also suggests that sixty (60) months' incarceration would be an appropriate sentence in this case.

**C. Sentence to Afford Adequate Deterrence.**

29. Finally, Mr. Allen is requesting this Court enter an order of sixty (60) months' incarceration, as such a sentence would be a reasonable sentence. In fact,

considering the circumstances surrounding this case and Mr. Allen's history and characteristics, a sentence of sixty (60) months' incarceration would accomplish all of the factors arrayed in Section 3553(a). In particular, a sentence of sixty (60) months' incarceration would accomplish the following: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the instant offense, and remove Mr. Allen from the community for a "reasonable" period of time.

30. Additionally, but equally important, is the fact that a sentence of sixty (60) months' incarceration would be an adequate sentence and a <u>federal</u> sentence that would deter Mr. Allen from committing any criminal conduct in the future.

31. Assistant United States Attorney Daniel George does not oppose this request.

**WHEREFORE**, Mr. Allen prays this Court grant the relief requested herein and enter an order of sixty (60) months' incarceration.

DATED this 9th day of December 2019.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

By: *s/ A. Fitzgerald Hall*
    A. Fitzgerald Hall, Esq.
    Florida Bar No. 0137138
    Assistant Federal Defender
    400 North Tampa Street, Suite 2700
    Tampa, Florida 33602

                                          Phone: (813) 228-2715  
                                        Facsimile: (813) 228-2562  
                                        Email: Alec_Hall@fd.org  
                                        *Defense Attorney for Allen*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9th day of December 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to:

AUSA Daniel George.

                                  By:   *s/ A. Fitzgerald Hall*  
                                              A. Fitzgerald Hall, Esq.  
                                              Assistant Federal Defender